**E-Filed 3/2/2009**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> SANFORD WALLACE, ADAM ARZOOMANIAN, SCOTT SHAW, et al., <br><br> Defendants. | Case Number C 09-798 JF <br><br> ORDER[1] GRANTING EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER <br><br> [re: docket no. 2] |

    Plaintiff Facebook, Inc. ("Facebook") alleges that Defendants Sanford Wallace, Adam Arzoomanian, and Scott Shaw (collectively, "Defendants') have engaged in an ongoing phishing and spamming campaign against Facebook and its users in violation of (1) the Controlling the Assault of Non-Solicited Pornography and Marketing Act ("CAN-SPAM"), 15 U.S.C. § 7701 *et seq.*; (2) the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 *et seq.*, (3) Cal. Penal Code § 502; and (4) Cal. Bus. & Prof. Code § 22948. Pursuant to Fed. R. Civ. P. 65(b), Facebook seeks a temporary restraining order ("TRO") enjoining Defendants from engaging in the alleged phishing and spamming activities. For the reasons set forth below, the motion will be

---

[1] This disposition is not designated for publication in the official reports.

granted.

## I. BACKGROUND

Facebook is a well-known social networking website with over 175 million users. Facebook users must register with the website and agree to Facebook's Terms of Use. Upon registration, users are given a unique username and password to access their own user profiles as well as the profiles of their "friends." Users may send messages to each other through the Facebook website, either by e-mail or by postings made on a user's "wall." To maintain the integrity of its website, Facebook maintains strict policies against spam or any other form of unsolicited advertising. The Terms of Use prohibit any activity that would impair the operation of Facebook's website, including the use of data mining "bots" to gain access to users' login information, posting of unsolicited advertising on the website or circulation of such advertising via e-mail, or any use of another person's account without Facebook's prior authorization.

Facebook alleges that Defendants are registered Facebook users who are bound by the Terms of Use. Since November 2008, Defendants allegedly have engaged in a phishing and spamming scheme that has compromised the accounts of a substantial number of Facebook users. The scheme generally operates as follows: Defendants send out emails to multiple Facebook users. The emails appear to be legitimate messages and ask the recipients to click on a link to another website. That website is a phishing site designed to trick users into divulging their Facebook login information. Once users divulge the information, Defendants then use it to send spam to the friends of the users, and as the cycle repeats the number of compromised Facebook accounts increases rapidly. Facebook also alleges that certain spam messages redirect users to websites that pay Defendants for each user visit. While Facebook has been reasonably successful in combating this scheme, the expanding scope of the operation has made it increasingly difficult to neutralize Defendants' activities.

## II. DISCUSSION

The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323

(N.D. Cal. 1995).  In the Ninth Circuit, a party seeking a preliminary injunction must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of the hardships tips in the movant's favor. *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984).  These formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *Roe*, 134 F.3d at 1402.

In the instant case, Facebook engaged in substantial investigative activity before filing and has presented sufficient evidence in support of the instant motion to demonstrate a likelihood of success on the merits with respect to the claims set forth in the operative complaint.  In addition, the possibility of irreparable injury exists with respect to both Facebook's reputation and the personal privacy of Facebook users.  *See Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 841 (9th Cir. 2001) ("Evidence of threatened loss of prospective customers or goodwill certainly supports a finding of the possibility of irreparable harm.").  *See also MySpace, Inc. v. Wallace*, 498 F. Supp. 2d 1293, 1305 (C.D. Cal. 2007) (activities similar to the scheme alleged in the instant case caused irreparable harm).  Finally, the balance of hardships clearly favors Facebook because it has expended significant time and resources to combat Defendants' activities, which as noted above are expanding at a considerable rate. *See id.* ("The balance of hardships tips sharply in favor of Plaintiff here.  Plaintiff has already expended substantial time and money in combating Defendant's unsolicited messages and postings, and has dealt with over 800 resulting user complaints.").  Likewise, Defendants will suffer little or no hardship if enjoined from their allegedly illegal scheme. *See id.* Accordingly, Facebook is entitled to temporary injunctive relief.

A TRO may be issued without notice to the adverse party only if *"*(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).  Moreover, in this district an applicant for a

Case No. C 09-798
ORDER GRANTING EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER
(JFLC1)

TRO must give notice to the adverse party "[u]nless relieved by order of a Judge for good cause shown, on or before the day of an *ex parte* motion for a temporary restraining order." Civ. L.R. 65-1(b). Facebook has served Defendant Shaw and has attempted to provide notice to Defendants Wallace and Arzoomanian by telephone and e-mail. Facebook also has presented affidavits that satisfy the good cause requirements of Fed. R. Civ. P. 65(b)(1) and Civ. L.R. 65-1(b).

**ORDER**

Good cause therefor appearing, IT IS HEREBY ORDERED that:

1. Defendants Sanford Wallace, Adam Arzoomanian, and Scott Shaw, and all of their officers, agents, servants, employees and attorneys and persons in active concert or participation with them who receive actual notice of this Order are hereby enjoined from:

    a. Initiating or procuring transmission of unsolicited commercial electronic messages on or through Facebook's computers, Facebook's website, Facebook's networks, or to Facebook users;

    b. Accessing or attempting to access Facebook's website, networks, data, information, user information, profiles, computers, and/or computer systems;

    c. Soliciting, requesting, or taking any action to induce Facebook users to provide identifying information or representing that such solicitation, request, or action is being done with Facebook's authorization or approval;

    d. Retaining any copies, electronic or otherwise, of any Facebook information, including login information and/or passwords, obtained through illegitimate and/or unlawful actions;

    e. Engaging in any activity that alters, damages, deletes, destroys, disrupts, diminishes the quality of, interferes with the performance of, or impairs the functionality of Facebook's computers, computer system computer network, data, website, or services;

4

Case No. C 09-798
ORDER GRANTING EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER
(JFLC1)

|   |   |   |
|---|---|---|
| | f. | Engaging in any unlawful activities alleged in the operative complaint; |
| | g. | Entering or accessing the physical premises or facilities of Facebook or its counsel; and |
| | h. | Engaging in any activity that violates, and/or encourages, induces or facilitates violations of the Terms of Use attached as Exhibit A to this Order. |
| 2. | | This Order shall take effect immediately and shall remain in effect pending a hearing in this Court on Facebook's motion for a preliminary injunction. Defendants are ordered to appear at the hearing in Courtroom 3, Fifth Floor in the United States District Court for the Northern District of California, San Jose Division, located at 280 South First Street, San Jose, California 95113 on March 23, 2009, at 9 a.m. to show cause why a preliminary injunction should not be issued as requested by Facebook.  Facebook shall serve a copy of this Order on Defendants, and either party may file briefs in support of or in opposition to Facebook's motion for a preliminary injunction on or before March 19, 2009. |
| 3. | | Facebook is directed to file proof of bond, in the amount of $5,000, within five (5) court days of this Order with the Clerk of the Court.  The bond shall serve as security for all claims with respect to this Order and for any additional injunctive relief ordered by the Court in this action. |

DATED:  March 2, 2009

_____
JEREMY FOGEL
United States District Judge

5

Case No. C 09-798
ORDER GRANTING EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER
(JFLC1)

1  This Order has been served upon the following persons:

2

3  David P. Chiappetta    dchiappetta@perkinscoie.com, docketsflit@perkinscoie.com, mheap@perkinscoie.com

6

Case No. C 09-798
ORDER GRANTING EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER
(JFLC1)