David Chiappetta, State Bar No. 172099
dchiappetta@perkinscoie.com
PERKINS COIE LLP
101 Jefferson Drive
Menlo Park, California  94025
Telephone:  650.838.4300
Facsimile:  650.838.4350

James McCullagh, *pro hac vice*
jmccullagh@perkinscoie.com
Joseph Cutler, *pro hac vice*
jcutler@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101
Telephone:  206.359.8000
Facsimile:  206.359.9000

Attorneys for Plaintiff
   FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SANFORD WALLACE, ADAM ARZOOMANIAN, and SCOTT SHAW, individuals, and DOES 1 through 25, inclusive, individuals and/or business entities of unknown nature,<br><br>　　　　　Defendants. | Case No. C-09-00798-JF<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION** |

　　　　Plaintiff Facebook, Inc. ("Facebook") alleges that Defendants Sanford Wallace, Adam Arzoomanian, and Scott Shaw have engaged in an ongoing phishing and spamming campaign against Facebook and its users in violation of (1) the Controlling the Assault of Non-Solicited

Pornography and Marketing Act ("CAN-SPAM"), 15 U.S.C. § 7701 *et seq.*; (2) the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 *et seq.*, (3) Cal. Penal Code § 502; and (4) Cal. Bus. & Prof. Code § 22948.  Pursuant to Fed. R. Civ. P. 65(a), Facebook seeks a preliminary injunction based on its claims under the CFAA, Cal. Penal Code § 502 and Cal. Bus. & Prof. Code § 22948, enjoining defendants Sanford Wallace and Adam Arzoomanian (collectively, "Defendants") from engaging in the alleged phishing and spamming activities.  For the reasons set forth below, the motion will be granted.

## I.  BACKGROUND

Facebook is a well-known social networking website with over 175 million users.  Facebook users must register with the website and agree to Facebook's Terms of Use.  Upon registration, users are given a unique username and password to access their own user profiles as well as the profiles of their "friends."  Users may send messages to each other through the Facebook website, either by e-mail or by postings made on a user's "wall."  To maintain the integrity of its website, Facebook maintains strict policies against spam or any other form of unsolicited advertising.  The Terms of Use prohibit any activity that would impair the operation of Facebook's website, including the use of data mining "bots" to gain access to users' login information, posting of unsolicited advertising on the website or circulation of such advertising via e-mail, or any use of another person's account without Facebook's prior authorization.

Facebook alleges that defendant Sanford Wallace is a registered Facebook user who is bound by the Terms of Use.  Since November 2008, Defendants have engaged in a phishing and spamming scheme that has compromised the accounts of a substantial number of Facebook users.  The scheme generally operates as follows:  Defendants send out messages to multiple Facebook users.  These appear to be legitimate messages that ask the recipients to click on a link to another website.  That website is a phishing site designed to trick users into divulging their Facebook login information.  Once users divulge the information, Defendants then use it to send spam to the friends of the users, and as the cycle repeats the number of compromised Facebook accounts increases rapidly.  Facebook also alleges that Defendants use this scheme to redirect users to websites that pay Defendants for each user visit.  While Facebook has been reasonably successful

1  in combating this scheme, the expanding scope of the operation has made it increasingly difficult
2  to neutralize Defendants' activities.
3        On March 2, 2009 this Court issued a temporary restraining order enjoining Defendants'
4  alleged illegal activities. On the same date, Sanford Wallace received actual notice of the
5  temporary restraining order and Facebook's motion for a preliminary injunction when he was
6  served with process, including a summons, a copy of Facebook's Complaint, Facebook's Motion
7  for a Temporary Restraining Order, and the Court's Order granting the injunction.

## II. DISCUSSION

9        In the Ninth Circuit, a party seeking a preliminary injunction must show either (1) a
10  likelihood of success on the merits and the possibility of irreparable injury, or (2) that serious
11  questions are raised and the balance of the hardships tips in the movant's favor. *Roe v. Anderson*,
12  134 F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d
13  521, 523 (9th Cir. 1984). These formulations represent two points on a sliding scale in which the
14  required degree of irreparable harm increase as the probability of success decreases. *Roe*, 134
15  F.3d at 1402.
16        In the instant case, Facebook engaged in substantial investigative activity before filing and
17  has presented sufficient evidence in support of its instant motion for a preliminary injunction to
18  demonstrate a likelihood of success on the merits with respect to the claims set forth in the
19  operative complaint. In addition, the possibility of irreparable injury exists with respect to both
20  Facebook's reputation and the personal privacy of Facebook users. *See Stuhlbarg Intern. Sales,*
21  *Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 841 (9th Cir. 2001) ("Evidence of
22  threatened loss of prospective customers or goodwill certainly supports a finding of the possibility
23  of irreparable harm."); *see also MySpace, Inc. v. Wallace*, 498 F. Supp. 2d 1293, 1305 (C.D. Cal.
24  2007) (activities similar to the scheme alleged in the instant case caused irreparable harm).
25  Finally, the balance of hardships clearly favors Facebook because it has expended significant time
26  and resources to combat Wallace's activities, which as noted above are expanding at a
27  considerable rate. *See id.* ("The balance of hardships tips sharply in favor of Plaintiff here.
28  Plaintiff has already expended substantial time and money in combating Defendant's unsolicited

messages and postings, and has dealt with over 800 resulting user complaints."). Likewise, Defendants will suffer little or no hardship if enjoined from continuing his illicit activities. *See id.* Accordingly, Facebook is entitled to a preliminary injunction.

**ORDER**

Good cause therefore appearing, IT IS HEREBY ORDERED that:

1. Defendants and each of their officers, agents, servants, employees, and attorneys, along with all persons who are in active concert or participation with Defendants or with any of their officers, agents, servants, employees, or attorneys, who receive actual notice of this Order are hereby enjoined from:

    a. Accessing or attempting to access any of Facebook's websites, networks, data, information, user information, profiles, computers, and/or computer systems;

    b. Soliciting, requesting, or taking any action to induce Facebook users to provide identifying information or representing that such solicitation, request, or action is being done with Facebook's authorization or approval;

    c. Retaining any copies, electronic or otherwise, of any Facebook information, including login information and/or passwords, obtained through illegitimate and/or unlawful actions;

    d. Engaging in any activity that alters, damages, deletes, destroys, disrupts, diminishes the quality of, interferes with the performance of, or impairs the functionality of Facebook's computers, computer system computer network, data, website, or services;

    e. Entering or accessing the physical premises or facilities of Facebook or its counsel or contacting any Facebook employee;

    f. Using Facebook, including its computers, computer systems, computer networks or Facebook users' accounts, information or profiles to send, directly or indirectly, commercial emails, Wall post bulletins, or messages of any kind;

    g. Creating, maintaining or using a Facebook account or profile;

      h. Using any Facebook trademark or logo, or any design or feature that is intended to resemble a Facebook trademark or logo; and

      i. Violating, or assisting or inducing others to violate, Facebook's Terms of Use.

2. This Order shall take effect immediately and shall remain in effect during the pendency of this case.

3. As Facebook previously filed proof of bond in the amount of $5,000, no additional bond is necessary to serve as security for this preliminary injunction.

Dated: 3/23, 2009

_____
The Honorable Jeremy Fogel
United States District Judge

Presented by:

**PERKINS COIE LLP**

By:/s/_____
David Chiappetta

Attorney for Plaintiff
FACEBOOK, INC