**E-Filed 10/29/2009**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., a Delaware Corporation,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SANFORD WALLACE, et al.,<br><br>　　　　　　　　Defendants. | Case Number C 09-798 JF (RS)<br><br>ORDER[1] GRANTING PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT<br><br>[re: docket no. 89] |

　　　　Plaintiff Facebook, Inc. ("Facebook") seeks default judgment against Defendant Sanford Wallace ("Wallace"). Wallace did not oppose the motion or appear at the hearing on September 18, 2009. For the reasons discussed below, Facebook's motion for default judgment will be granted, although the Court will not award all of the statutory damages sought by Facebook.

---

　　　　[1] This disposition is not designated for publication in the official reports.

## I. BACKGROUND

Facebook is a well-known social networking website with more than 175 million users. Facebook users must register with the website and agree to Facebook's Terms of Use. Upon registration, users are given unique usernames and passwords to access their own user profiles as well as the profiles of their "friends." Users may send messages to each other through the Facebook website, either by e-mail or by postings made on a user's "wall." To maintain the integrity of its website, Facebook maintains strict policies against spam or any other form of unsolicited advertising. The Terms of Use prohibit any activity that would impair the operation of Facebook's website, including the use of data mining "bots" to gain access to users' login information, the posting of unsolicited advertising on the website or circulation of such advertising via e-mail, or any use of another person's account without Facebook's prior authorization.

Facebook alleges that Defendants Wallace, Adam Arzoomanian ("Arzoomanian"), and Scott Shaw ("Shaw") are registered Facebook users who are bound by the Terms of Use. Since November 2008, Defendants allegedly have engaged in a phishing and spamming scheme that has compromised the accounts of a substantial number of Facebook users. The scheme generally operates as follows: Defendants send out emails to multiple Facebook users. The emails appear to be legitimate messages and ask the recipients to click on a link to another website. That website is a phishing site designed to trick users into divulging their Facebook login information. Once users divulge the information, Defendants then use it to send spam to the friends of the users, and as the cycle repeats the number of compromised Facebook accounts increases rapidly. Facebook also alleges that certain spam messages redirect users to websites that pay Defendants for each user visit.

On February 24, 2009, Facebook filed this action against Wallace, Arzoomanian, and Shaw, asserting that their phishing and spamming activities violate (1) the Controlling the Assault of Non-Solicited Pornography and Marketing Act ("CAN-SPAM Act"), 15 U.S.C. § 7701 et seq.; (2) the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq.; (3) Cal. Penal Code § 502; and (4) Cal. Bus. & Prof. Code § 22948.

2

Case No. C 09-798 JF (RS)
ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT
(JFLC2)

1    On March 2, 2009, the Court issued a Temporary Restraining Order ("TRO") enjoining Defendants from engaging in the alleged phishing and spamming activities. On March 24, 2009, the Court issued a preliminary injunction enjoining the alleged misconduct. Facebook subsequently obtained a Clerk's entry of default against Wallace and sought default judgment against him as well as contempt sanctions for violating the TRO and preliminary injunction issued in this case. The Court set those motions for hearing on June 12, 2009. On June 11, 2009, Facebook filed a status report notifying the Court that Wallace had filed a bankruptcy petition in the United States Bankruptcy Court for the District of Nevada. The Court conducted the hearing as scheduled on June 12. Shortly thereafter the Court issued an order staying the action in light of the automatic bankruptcy stay, and indicating that the Court had referred the matter to the United States Attorney's Office with a request that Wallace be prosecuted for criminal contempt. Order of July 7, 2009. The Court terminated without prejudice Facebook's motions for default judgment and criminal contempt.

On August 4, 2009, Facebook filed a status report informing the Court that Wallace's bankruptcy action had been dismissed and that the automatic bankruptcy stay no longer was in effect. On the same date, Facebook renewed its motion for default judgment, and set the motion for hearing on September 18, 2009.

Wallace did not file opposition to Facebook's renewed motion, although he received notice of the motion at his email address of record.[2] After reviewing Facebook's motion and supporting documents, as well as the entire record in this case, the Court concludes that the motion for default judgment is well-taken, although the Court will not award all of the statutory damages sought by Facebook.

Facebook requests statutory damages for 14,214,753 violations of the CAN-SPAM Act at

---

[2] Wallace has not formally appeared in the action. On June 2, 2009, after the Clerk's entry of default, he did file an affidavit in opposition to Facebook's motion for contempt. It is unclear whether the filing of the affidavit constituted a sufficient informal appearance to entitle Wallace to notice of the motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). The Court need not resolve that question because the docket reflects that Wallace registered his email address with the Court's Electronic Case Filing ("ECF") system, and that the ECF system automatically served Wallace with the motion for default judgment when it was filed.

1  that statute's maximum of $100 per violation, which would result in an award of $1,421,475,300.
2  *See* 15 U.S.C. § 7706(g)(3)(A) (permitting a maximum of $100 per violation).  Facebook also
3  requests the maximum amount of aggravated damages available under the CAN-SPAM Act,
4  which would result in a total award of $4,264,425,900 under that act.  *See* 15 U.S.C. §
5  7706(g)(3)(C) (permitting an award of treble damages upon certain findings).

6        In addition, Facebook requests $1,082,500,000 in statutory damages for violations of Cal.
7  Bus. & Prof. Code § 22948.2.  *See* Cal. Bus. & Prof. Code § 22948.3(a)(1).  Facebook requests
8  that this award be trebled as well, which would result in a total award of $3,247,500,000 under
9  the statute.  *See* Cal. Bus. & Prof. Code § 22948.3(c)(1).

10       Finally, Facebook requests that the Court enter a permanent injunction against Wallace,
11 prohibiting him from accessing and abusing Facebook's services.[3]

## II. DISCUSSION

13       "A plaintiff may elect statutory damages 'regardless of the adequacy of the evidence
14 offered as to his actual damages and the amount of the defendant's profits[,]' . . . . [and] [i]f
15 statutory damages are elected, '[t]he court has wide discretion in determining the amount of
16 statutory damages to be awarded, constrained only by the specified maxima and minima.'"
17 *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194
18 (9th Cir. 2001) (citations omitted) (discussing statutory damages provisions of the Copyright
19 Act).  However, a statutory damages award may violate the due process rights of a defendant
20 "where the penalty prescribed is so severe and oppressive as to be wholly disproportioned to the
21 offense and obviously unreasonable."  *United States v. Citrin,* 972 F.2d 1044, 1051 (9th Cir.
22 1992) (quoting *St. Louis, Iron Mt. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67 (1919)).

23       The record demonstrates that Wallace willfully violated the statutes in question with
24 blatant disregard for the rights of Facebook and the thousands of Facebook users whose accounts
25 were compromised by his conduct.  Moreover, the Court is convinced that Wallace willfully

---

[3] Facebook has not sought such remedies against Arzoomanian and Shaw; at the hearing, Facebook's counsel stated that Facebook will not be pursuing its claims against Arzoomanian and Shaw, and that the Court may close the file once default judgment is entered against Wallace.

violated the TRO and preliminary injunction issued in this case, and for that reason referred the matter to the United States Attorney's Office with a request that Wallace be prosecuted for criminal contempt, as noted above. Nonetheless the Court is not persuaded that an award of statutory damages in excess of seven billion dollars is proportionate to Wallace's offenses. Without deciding whether such an award would violate Wallace's due process rights, the Court in the exercise of its discretion declines to award all of the damages requested by Facebook. The Court instead will award statutory damages of $50.00 per violation of the CAN-SPAM Act, which results in a total award of $ 710,737,650 under that act. With respect to Cal. Bus. & Prof. Code § 22948.2, the Court believes that a good argument can be made that Facebook is entitled to only a single award under § 22948.3(a)(1), arising from a single course of conduct by Wallace. Accordingly, the Court will award the statutory maximum damages of $500,000 for a single violation of § 22948.2. *See* § 22948.3(a)(1), (e). Thus the Court will impose statutory damages against Wallace in the total amount of $711,237,650. Given the magnitude of this award, the Court declines to award treble damages.

    Facebook's application for a permanent injunction is well-taken in light of Wallace's conduct.

## III. ORDER

Accordingly, for good cause shown,

(1) Facebook's application for default judgment is GRANTED; statutory damages of $711,237,650 are awarded against Wallace, and Facebook's request for permanent injunctive relief is granted. The Court has signed Facebook's proposed default judgment and issued it contemporaneously with this Order.

(2) Facebook having stated on the record that it abandons its claims against the remaining defendants, Arzoomanian and Shaw, the Clerk of the Court is directed to CLOSE THE FILE.

DATED: October 29, 2009

_____
JEREMY FOGEL
United States District Judge

1  Copies of Order served on:

3  David P. Chiappetta    dchiappetta@perkinscoie.com, aleverton@perkinscoie.com,
4  docketmp@perkinscoie.com, docketsflit@perkinscoie.com, jcutler@perkinscoie.com,
   jmccullagh@perkinscoie.com, mheap@perkinscoie.com

6  James Robert McCullagh    jmccullagh@perkinscoie.com

8  Joseph Perry Cutler    JCutler@perkinscoie.com

9  Sanford Wallace    djmasterweb@gmail.com

11 Scott Shaw    shawlv@cox.net

7

Case No. C 09-798 JF (RS)
ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT
(JFLC2)